**Enrique RODRIGUEZ–MACIAS, aka Enrique Rodriguez Macias, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72061.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007 *.

Filed July 22, 2008.

R.App. P. 34(a)(2).

Before: REINHARDT, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM **

The facts and procedural history of this case are familiar to the parties, and we do not repeat them here. Rodriguez–Macias makes two challenges to his removal and one due process claim. We address each in turn.

■ First, Rodriguez–Macias argues that the Board of Immigration Appeals ("BIA") erred in finding that he committed two crimes involving moral turpitude not arising out of a single scheme of criminal conduct, and was therefore removable under 8 U.S.C. § 1227(a)(2)(A)(ii). We agree

with this argument. Rodriguez–Macias pleaded guilty and was convicted of indecent exposure in violation of Cal.Penal Code § 314(1) in November 1997. He then pleaded guilty and was convicted of child annoyance in violation of Cal.Penal Code § 647.6(a) in May 2004. We recently ruled that a violation of § 647.6(a) is not categorically a crime involving moral turpitude. *See Nicanor–Romero v. Mukasey,* 523 F.3d 992, 1007 (9th Cir.2008).

Since Rodriguez–Macias' crime was not necessarily morally turpitudinous, we turn to a modified categorical approach to determine whether Rodriguez–Macias' actual offense involved moral turpitude. *Id.* Under the modified categorical approach, we look beyond the mere language of the statute to the record of conviction to determine whether the government has shown by clear and convincing evidence that Rodriguez–Macias' actual crime involved moral turpitude. *Id.*

The relevant documents in this case are insufficient to determine whether Rodriguez–Macias' § 647.6(a) conviction rises to the level of a crime involving moral turpitude. The record of conviction does not speak sufficiently to the actual facts of his crime, and therefore does not "narrow his offense or show that he pled guilty to elements that constitute a crime involving moral turpitude." *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1168 (9th Cir. 2006) (citation and internal quotation marks omitted). There is no factual basis for concluding that Rodriguez–Macias' § 647.6(a) conviction is a crime involving moral turpitude and, therefore, he is not removable under 8 U.S.C. § 1227(a)(2)(A)(ii).[1]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we conclude that the record of conviction is insufficient to establish that

Rodriguez–Macias' § 647.6(a) conviction was a crime involving moral turpitude, we need not decide whether his conviction for indecent exposure was a crime involving moral turpitude.

■ Second, Rodriguez–Macias argues that the BIA erred in finding that his conviction under Cal.Penal Code § 647.6(a) constituted a crime of child abuse, making him removable under 8 U.S.C. § 1227(a)(2)(E)(i). The government argues that this issue was waived. It was not waived. Rodriguez–Macias raised the issue in his *pro se* cross-appeal to the BIA, but the BIA did not address it in its May 25, 2005 decision. *See* CAR 247 ("Although[ ] it is uncommon to talk to a stranger[,] such verbal conduct which has been enhanced by [the] Prosecutor's technical translation [i]nto the crime of Annoyance [ ] does not amount to a crime of Abuse, Neglect, or Abandonment as it has been considered by the government."); 449 ("[Cal.Penal Code § ] 647.6(a) [ ] CHILD ANNOYANCE [is] a misdemeanor, compare[d] to § 273(d) CHILD MOLEST [is] a felony.... CHILD ABUSE is of a higher category than CHILD ANNOY."); 413 and 866 ("Child abuse, neglect, and abandon is not equal to Child annoyance."). We will therefore grant Rodriguez–Macias' petition to allow the BIA to rule in the first instance on whether his conviction under Cal.Penal Code § 647.6(a) constituted a crime of child abuse.[2]

Accordingly, we **GRANT** the petition for review in part and **remand** to the BIA.

---

2. Because we grant Rodriguez–Macias' petition concerning § 1227(a)(2)(A)(ii), and remand for the BIA to rule on the § 1227(a)(2)(E)(i) issue in the first instance, we need not address Rodriguez–Macias' due process argument. If the BIA concludes that Rodriguez–Macias' conviction under § 647.6(a) is a crime of child abuse, it retains its discretion to grant or deny cancellation of removal.

